# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| **KENNETH DENNIS, individually and on behalf of all others similarly situated,** | CIVIL ACTION NO.: 1:20-cv-00273 |
| **Plaintiff,** | |
| v. | **COLLECTIVE ACTION COMPLAINT** |
| **SANDHILLS EMERGENCY PHYSICIANS, P.A.,** | |
| **Defendant.** | |

Plaintiff, Kenneth Dennis ("Dennis"), individually and on behalf of all other similarly-situated employees, by and through his counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") against Sandhills Emergency Physicians, PA ("SEP" or "Defendant"), and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF ACTION

1. Dennis contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting Dennis and the putative Collective members (hereinafter collectively referred to as "Plaintiffs") to work in excess of 40 hours per workweek without properly compensating them at an overtime premium rate for these overtime hours.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in

1

any Federal or State court of competent jurisdiction." Dennis has signed an opt-in consent form to join this lawsuit. (Exhibit 1).

3. This Court has jurisdiction over Dennis' claims pursuant to 28 U.S.C. §1331 because Dennis' claims arise under the FLSA.

4. This Court has personal jurisdiction because Defendant conducts substantial business in Moore County, North Carolina, which is located within this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Moore County, North Carolina, which is located within this judicial district.

## PARTIES

6. Dennis is a resident of Troy, North Carolina and worked for Defendant as an Advanced Practice Provider ("APP").

7. Defendant is a medical provider that provides services at hospitals located in Pinehurst, NC, Troy, NC, Rockingham, NC and Raeford, NC.

8. Defendant's principal place of business is located in Pinehurst, North Carolina.

9. At all times relevant, Defendant was Dennis' "employer" as defined by the FLSA, 29 U.S.C. §203(d) and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Dennis and similarly-situated employees within the meaning of the FLSA.

## FACTS

10. Plaintiffs are individuals who work and have worked for Defendant as APPs during the statutory period. Defendant's APPs hold the job titles of Physician Assistants and Nurse

2

Practitioners. Amongst other things, Plaintiffs all shared similar, training, job descriptions and job tasks. Importantly, Plaintiffs were all paid an hourly rate of pay.

11. Defendant employed Dennis as an APP from March 2018 until December 31, 2019.

12. Defendant paid Plaintiffs on the last day of each month. Pursuant to SEP's uniform policy and practice, SEP paid Plaintiffs an overtime premium for all hours worked in excess of one hundred-sixty (160) during each month.

13. SEP did not calculate and pay an overtime premium for Plaintiffs based on a 7-day workweek.

14. The hours worked by Plaintiffs varied week to week. For example, Plaintiffs regularly worked schedules that included 7-day workweeks consisting of less than 40 hours and greater than 40 hours. SEP's policy and practice of averaging the number of hours worked each month and only paying an overtime premium for hours worked in excess of 160 hours resulted in the underpayment of overtime compensation owed to Plaintiffs.

15. By way of example, Dennis worked a total of 162 hours during the month of October 2019 and SEP paid him for 2 hours of overtime. During this same month, however, Dennis worked two workweeks under 40 hours, a workweek consisting of 60 hours and a workweek consisting of 56 hours. As a result, SEP underpaid Dennis by at least 32 hours of overtime for hours worked during the month of October 2019.

16. SEP also requires Plaintiffs to arrive and begin working at least 10 minutes prior to the start of their scheduled shifts, but SEP does not pay Plaintiffs for this off-the-clock time.

17. SEP also requires Plaintiffs to continue working past the end of their scheduled shifts, but only pays Plaintiffs if the extra time exceeds 30 minutes.

18. SEP also requires Plaintiffs to attend company staff or peer review meetings, but SEP does not pay Plaintiffs for this off-the-clock time.

19. SEP failed to pay all overtime hours worked by Plaintiffs during the 3 year period preceding the filing of this Complaint. Specifically, SEP failed to pay Plaintiffs the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per 7-day workweek.

20. SEP determined and controlled the total number of hours worked by Plaintiffs, as well as the compensation paid to Plaintiffs.

21. SEP knew, and was aware at all times, that it calculated and paid overtime compensation to Plaintiffs for all hours worked in excess of 160 each month, instead of on a 7-day workweek basis as required by the FLSA.

22. The conduct alleged above reduced SEP's labor and payroll costs.

23. Plaintiffs were subject to SEP's uniform policies and practices and were victims of SEP's scheme to deprive them of overtime compensation. As a result of SEP's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wages and other related damages.

### **Defendant Willfully Violated the FLSA**

24. SEP has no legitimate basis to believe Plaintiffs were exempt from the overtime requirements of the FLSA. Instead, SEP either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs overtime compensation for all overtime hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

a. SEP maintained or should have maintained payroll and time keeping records that reflected that Plaintiffs did, in fact, regularly work overtime hours based on a 7-day workweek and therefore, SEP had actual or constructive knowledge that Plaintiffs worked more overtime hours than they were compensated for;

b. SEP knew or should have known that it did not pay Plaintiffs one and one half (1½) times their regular rate of pay for all overtime hours worked;

c. SEP lacked any good-faith basis to believe that Plaintiffs fell within any exception under the FLSA that would permit SEP to only pay an overtime premium for hours in excess of 160 each month; and

d. SEP was aware that it would (and did) benefit financially by failing to pay Plaintiffs overtime premium pay for all overtime hours worked, thereby reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Dennis brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

26. Dennis pursues the requested relief on behalf of the following individuals ("the Class"):

> **All individuals who currently work, or have worked, for Defendant as an Advance Practice Provider (i.e. Nurse Practitioner or Physician Assistant) at any time within the preceding 3-years from the date of filing the complaint.**

27. Dennis is a member of the Class he seeks to represent because he was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid an overtime premium rate for all time he worked over 40 hours per workweek.

5

28. Specifically, Defendant engaged in common schemes to avoid paying Plaintiffs overtime pay when they worked in excess of 40 hours per week by averaging the number of hours worked each month instead of computing overtime based on a 7-day workweek.

29. Although Plaintiffs may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Plaintiffs were all paid under the same compensation structure;
   b. Plaintiffs worked in excess of 40 hours per week during one or more workweeks while employed by Defendant;
   c. Regardless of their location, Defendant did not pay Plaintiffs an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per workweek; and
   d. Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiffs, regardless of their location.

30. Defendant encouraged, suffered and permitted Plaintiffs to work more than forty (40) hours per week without proper overtime compensation.

31. Defendant knew that Plaintiffs performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Plaintiffs of wages and overtime compensation.

32. Defendant's conduct as alleged herein was willful and has caused damage to Plaintiffs.

33. Defendant is liable under the FLSA for failing to properly pay Plaintiffs overtime wages. Dennis requests that the Court authorize notice to the members of the collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

34. Dennis estimates that the collective, including both current and former employees over the relevant period, will include more than 30 members. The precise number of collective members should be readily available from Defendant's personnel, scheduling, time and payroll

records, and from input received from Dennis as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## FAILURE TO PAY OVERTIME WAGES UNDER THE
## FLSA FOR ALL OVERTIME HOURS WORKED

35. Dennis realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

37. Plaintiffs are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

38. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

39. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiffs to work overtime hours each week without paying them premium overtime pay.

40. Throughout the relevant period, Plaintiffs each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for all of those additional hours.

41. Defendant's actions described in this Complaint violated the FLSA.

42. Defendant's actions were willful and not in good faith.

43. Plaintiffs have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

44. Defendant is liable to Plaintiffs for actual damages, liquidated damages and equitable relief pursuant to 29 U.S.C. §216(b) as well as reasonable attorneys' fees, costs and expenses.

45. Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE , Dennis, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant, jointly and severally, and in favor of Dennis and all others similarly situated, for a sum that will properly, adequately and completely compensate Dennis and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Advance Practice Providers who have worked for the Defendant within the last three years;

B. Authorize Dennis' counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Advance Practice Providers who worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Dennis' FLSA claim as a collective action;

D. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the FLSA by failing to pay overtime wages to Dennis and similarly-situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: March 24, 2020                     Respectfully Submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email:   jason@gibbonsleis.com
         phil@gibbonsleis.com
         craig@gibbonsleis.com