IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH DENNIS, individually      )
and on behalf of all others       )
similarly situated,               )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          1:20CV273
                                  )
SANDHILLS EMERGENCY               )
PHYSICIANS, P.A.,                 )
                                  )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Plaintiff's Motion for
Conditional Collective and Class Certification, (Doc. 11), and
Defendant's Motion to Dismiss, (Doc. 15). For the reasons set
forth herein, this court will deny Defendant's Motion to
Dismiss. Plaintiff's motion will be granted in part and denied
in part.

## I.   BACKGROUND

### A.   Parties

Plaintiff Kenneth Dennis ("Dennis" or "Plaintiff") is a
resident of Troy, North Carolina, who worked for Defendant as an
Advanced Practice Provider ("APP") from March 2018 until
December 31, 2019. (Amended Complaint ("Am. Compl.") (Doc. 9)

¶¶ 10, 17.) Dennis brings his Complaint on behalf of individuals who work and who have worked for Defendant as APPs under the Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA") statutory periods. (See id. ¶¶ 13, 15, 16.)

Defendant provides medical services at hospitals located in Pinehurst, Troy, Rockingham, and Raeford, North Carolina. (Id. ¶ 11.) Defendant's principal place of business is located in Pinehurst, North Carolina. (Id. ¶ 12.)

### B. **Factual Background**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)). The facts, taken in the light most favorable to Plaintiff, are as follows.

Defendant employed Plaintiff as an APP from March 2018 until December 31, 2019. (Am. Compl. (Doc. 9) ¶ 17.) Defendant's APPs hold the job titles of Physician Assistants and Nurse Practitioners. (Id. ¶ 16.) APPs share similar training, job descriptions, and job tasks, and were paid an hourly rate of pay. (Id.)

Defendant paid APPs on the last day of each month. (Id. ¶ 18.) Defendant had a uniform policy and practice of paying APPs an overtime premium for all hours worked in excess of 160

- 2 -

hours during each month. (Id.) The APPs' schedules varied week to week, working schedules that could be more or less than 40 hours per week. (Id. ¶ 20.) Defendant had a policy and practice of averaging the number of hours worked each month and paying an overtime premium only for hours worked in excess of 160 hours per month, rather than paying overtime for those hours worked in excess of 40 hours per week. Defendant did not calculate and pay an overtime premium for Dennis and APPs when they worked in excess of 40 hours per week. (Id. ¶¶ 19-20.)

Defendant also did not pay APPs for what Dennis refers to as "off-the-clock time." (Id. ¶¶ 22-24.) This included requiring APPs to arrive and begin working at least 10 minutes prior to the start of their scheduled shifts, but not paying them for this time, (id. ¶ 22); requiring APPs to continue working past the end of their scheduled shift, but only paying them if the time exceeded thirty minutes, (id. ¶ 23); and requiring APPs to attend company staff or peer review meetings, but not paying them for this time, (id. ¶ 24).

Dennis filed his original Complaint in this court on March 24, 2020, alleging only FLSA violations. (Doc. 1.) On May 11, 2020, Defendant presented Dennis with an offer of

- 3 -

judgment in the amount of $8,000.00. (Doc. 1 at 4-5.)[1] Through counsel, Defendant stated in the correspondence accompanying the offer that it had deposited the amount of $12,500.00 into the trust account of Defendant's counsel, which Defendant stated "represents the Confession of Judgment amount for Mr. Dennis's claim and funds to either satisfy or make a significant payment on any additional attorneys' fees awarded by the Court," and that if Plaintiff agreed to accept the offer, Defendant's counsel had "authority to immediately wire the full $12,500 to [Plaintiff's] Firm, with authorization to immediately disburse $8,000 to [Plaintiff], and to retain the balance pending the Court's ruling on the costs and legal fees issue." (Id. at 5.)

Dennis did not respond to Defendant's offer, (Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br.") (Doc. 16) at 3), and filed an Amended Complaint on May 14, 2020, in which he reasserted his FLSA claim and added a claim under the NCWHA, (Am. Compl. (Doc. 9). In subsequent correspondence on June 3, 2020, Defendant's counsel told Plaintiff's counsel that the offer remained in effect and that the funds remained in the

_____

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 4 -

trust account of Defendant's counsel. (Doc. 15 at 18.) Defendant filed its Motion to Dismiss on June 4, 2020. (Id. at 2.)

C. **Procedural History**

Plaintiff filed a Complaint in this court on March 24, 2020. (Doc. 1.) On May 14, 2020, Plaintiff filed an Amended Complaint. (First Am. Compl. (Doc. 9).)

On May 29, 2020, Plaintiff filed a Motion for Conditional Collective and Class Certification, (Doc. 11), and an accompanying brief, (Doc. 12). On June 3, 2020, Plaintiff filed a corrected brief. (Pl.'s Br. in Supp. of Mot. for Collective and Class Certification ("Pl.'s Br.") (Doc. 13).) Defendant responded on June 25, 2020. (Def.'s Resp. in Opp'n to Mot. for Conditional Collective and Class Certification ("Def.'s Resp.") (Doc. 19).) Plaintiff replied on July 10, 2020. (Reply ("Pl.'s Reply") (Doc. 22).)

On June 4, 2020, Defendant filed a Motion to Dismiss, (Doc. 15), and an accompanying brief, (Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br.") (Doc. 16)). Plaintiff responded on June 24, 2020. (Pl.'s Br. in Opp'n to Mot. to Dismiss ("Pl.'s Resp.") (Doc. 18).) Defendant replied on July 8, 2020. (Reply ("Def.'s Reply") (Doc. 21).) This matter is ripe for adjudication.

- 5 -

## II.  **ANALYSIS**

Although Plaintiff's motion to certify class was filed before Defendant's motion to dismiss, (Docs. 11, 15), a district court may reserve a decision on a class certification motion pending disposition of a motion to dismiss. <u>See</u> Fed. R. Civ. P. 23(c)(1). Because Defendant argues in opposition to Plaintiff's motion to certify class that Plaintiff lacks a live case or controversy, and thus, is not suited to serve as a class representative, (Def.'s Resp. (Doc. 19) at 5), this court will first consider Defendant's motion to dismiss, (Doc. 15).

### A.  **Defendant's Motion to Dismiss**

#### 1.  **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must prove by a preponderance of the evidence the existence of subject matter jurisdiction. <u>See</u> <u>Demetres v. East West Constr., Inc.</u>, 776 F.3d 271, 272 (4th Cir. 2015). A defendant may challenge subject matter jurisdiction facially or factually. <u>See</u> <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009).

"When . . . a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009) (citation omitted). If subject matter

- 6 -

jurisdiction is lacking, the complaint must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). In a factual challenge, a defendant asserts that the jurisdictional allegations are false, and the court may look beyond the complaint to resolve the disputed jurisdictional facts without converting the motion to one for summary judgment. Kerns, 585 F.3d at 192-93.

An actual "controversy" must exist at all stages of federal court proceedings. U.S. Const. art. III, § 2, cl. 1; see DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006); United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980). A plaintiff must "establish[] throughout all stages of litigation (1) that he is suffering an injury-in-fact or continuing collateral consequence, (2) that his injury is fairly traceable to the challenged action or decision, and (3) that a favorable decision would be likely to redress his injury." Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009) (footnote and citations omitted) (emphasis removed).

"When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015) (citing Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam)). "A

- 7 -

case can become moot due either to a change in the facts or a change in the law." Id. (citation omitted).

### 2. **Parties' Arguments**

Defendant argues that Plaintiff's Amended Complaint "only raises allegations pertaining to [Defendant's] purported failure to compensate its employees for off-the-clock time in the context of [Plaintiff's] NCWHA claim," (Def.'s Reply (Doc. 21) at 4), and that Plaintiff only states an FLSA claim for Defendant's alleged failure to pay Plaintiff for overtime hours worked in excess of 40 hours per week, (id. at 5-7). Defendant also argues that "off-the-clock" time does not give rise to a claim for a violation of the FLSA. (Id. at 3 (citing Monahan v. Cnty. of Chesterfield, 95 F.3d 1263, 1284 (4th Cir. 1996)).)

Defendant further argues that, if this court finds that Plaintiff has not stated a second FLSA claim relating to "off-the-clock" time, this court should also find Plaintiff's individual FLSA claim moot because Defendant deposited what it argues is the full amount of Plaintiff's FLSA claim in a trust account payable to Plaintiff. (Def.'s Reply (Doc. 21) at 7-10.) Defendant argues that this court should adopt an approach that the majority left open and the dissenting justices endorsed in Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016), (Def.'s Br. (Doc. 16) at 5-11), in which depositing a check for the full

- 8 -

relief to which a plaintiff would be entitled renders a plaintiff's claim moot. See Campbell-Ewald Co., 577 U.S. at 166, 176-78). Defendant then argues that this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. (Def.'s Br. (Doc. 16) at 11-12.)

Plaintiff argues that Defendant's offer of judgment "represents only a portion of Plaintiff's alleged damages," and "ignores [Plaintiff's] claim for unpaid overtime and liquidated damages as a result of his off-the-clock work." (Pl.'s Resp. (Doc. 18) at 1.) Plaintiff also argues that "Defendant's motion is contrary to U.S. Supreme Court precedent holding that unaccepted offers of judgment for full relief do not moot the claims depriving the district court of subject matter jurisdiction." (Id. at 1-2.) Plaintiff argues that because Defendant "knows that its offer did not include any compensation for Plaintiff's alleged overtime damages resulting from off-the-clock work," this court should award "attorneys' fees and costs

under 28 U.S.C. § 1927 associated with responding to Defendant's Motion to Dismiss." (Id. at 5.)[2]

### 3. **Plaintiff's Amended Complaint states a single FLSA claim that includes overtime resulting from off-the-clock time**

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

_____

[2] Plaintiff's rhetoric is not only unhelpful, but unjustifiably inflammatory. Plaintiff's counsel is warned that this type of briefing is unacceptable.

For example, Plaintiff does not appear to dispute that he never responded to Defendant's offer of judgment. (Def.'s Br. (Doc. 16) at 2-3; Pl.'s Resp. (Doc. 18) at 6-7.) In all candor, this court is stunned that Plaintiff's counsel would not respond in any fashion to an offer to pay allegedly full damages. The Federal Rules of Civil Procedure should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Ignoring the payment of an alleged full recovery is inconsistent with Fed. R. Civ. P. 1; failing to provide even a courtesy response is not appropriate.

Moreover, Plaintiff argues that the "parties have not conducted discovery," (Pl.'s Resp. (Doc. 18) at 6-7), an allegation that appears to suggest Plaintiff is uncertain of the records or a calculation of damages. Nevertheless, without any basis whatsoever, Plaintiff then alleges that "Sandhills submits payroll summaries to the Court that Sandhills contends, albeit falsely, represent 'full relief' . . . ." (Id. at 7 (emphasis added).) To accuse a party of a false submission with no basis upon which to make that allegation is improper inflammatory conduct and will not continue.

Plaintiff's counsel is cautioned that if this type of inflammatory and unfounded rhetoric continues, it will be met with sanctions from this court.

- 10 -

demand for the relief sought . . . ." Fed. R. Civ. P. 8. This court finds that Plaintiff's Amended Complaint complies with Rule 8 and was sufficient to place Defendant on notice that Plaintiff had stated a claim which includes one violation of the FLSA, that is, Defendant improperly calculated overtime pay by paying Plaintiff only for hours worked in excess of 160 hours per month, rather than 40 hours per week. However, as part of that claim, Plaintiff alleges Defendant failed to pay overtime resulting from Plaintiff's off-the-clock work.

This court finds that the statement of facts in the Amended Complaint clearly described the alleged off-the-clock violations, defining the term and describing the three scenarios in which Plaintiff alleges off-the-clock work occurred. (Am. Compl. (Doc. 9) ¶¶ 22-25.) This court finds that, were Plaintiff's allegations of off-the-clock time proven, these hours would then have to be added to Plaintiff's other work hour data in order to determine appropriate overtime pay for all hours worked. Consistent with this court's findings, the Amended Complaint's statement of facts also contains allegations that "[Defendant] failed to pay all overtime hours worked by Plaintiffs," (id. ¶ 26 (emphasis added)), and that Plaintiff was a "victim[] of [Defendant's] scheme to deprive [Plaintiff] of overtime compensation and all accrued regular wages," (id. ¶ 30

- 11 -

(emphasis added)). Similarly, in a section entitled "FLSA Collective Action Allegations," Plaintiff alleges that Plaintiff, as a member of the class he seeks to represent, "was not paid an overtime premium rate for all time he worked over 40 hours per workweek." (Id. ¶ 34 (emphasis added).)

This court does not find that a perfectly pleaded complaint is required under Rule 8. Here, for the purposes of the litigation at this stage, this court finds that the factual allegations regarding off-the-clock time, (id. ¶¶ 22-25), in addition to Plaintiff's references to Defendant's alleged failure to pay Plaintiff for "all" overtime hours, (id. ¶¶ 26, 30-31, 34), are sufficient, at a minimum, to create plausible issue of fact as to whether the off-the-clock time should be included in determining overtime hours. This court does not find, based upon the allegations of the Amended Complaint, however, that Plaintiff has alleged a second FLSA claim for unpaid wages resulting from off-the-clock time separate and apart from the overtime claim.

Nevertheless, the issues presently unresolved – whether Plaintiff worked off-the-clock time and whether that time should be included in calculating wages – require Defendant's motion be denied. For this reason, this court does not find, at this time based on the facts available to this court, that Defendant has

tendered full relief, and thus, this court need not consider whether it should adopt the approach advocated by the dissenting justices in Campbell-Ewald Co. v. Gomez, in which depositing a check for full relief would moot a claim. See 577 U.S at 179.

This court further finds that, contrary to Defendant's assertions, the Fourth Circuit's decision in Monahan v. Cnty. of Chesterfield, does not foreclose off-the-clock time from being considered as part of Plaintiff's FLSA claim. (Def.'s Reply (Doc. 21) at 3.) In Monahan, the Fourth Circuit held that, absent a minimum wage/maximum hour violation, there is no remedy under the FLSA for what they called "pure gap" time claims. 95 F.3d at 1284. In Monahan, the plaintiffs were paid a salary that compensated them for all straight-time hours worked and were paid overtime in addition to the salary, if they worked over 147 hours in a 24-day cycle. See id. at 1265-66. Since the plaintiffs were regularly scheduled to work 135 hours, but overtime pay did not begin until 147 hours, there was a "gap" of 12 hours for which the plaintiffs who worked past 135 hours but less than the 147-hour overtime threshold received no additional pay. See id. at 1266 (defining this difference between their normal scheduled hours and the threshold for overtime as "pure gap time").

- 13 -

The "pure gap" time from Monahan is distinct from the "off-the-clock" time alleged in Plaintiff's Amended Complaint. Unlike in Monahan, Plaintiff is not seeking hours that fall into a gap between his normal scheduled hours and the threshold for overtime. Instead, Plaintiff is an hourly employee who seeks compensation for time that he alleges should have been counted as working time, and thus, factored into the calculation for overtime pay. (Am. Compl. (Doc. 9) ¶¶ 16, 22-25.) This court finds that including off-the-clock time as part of an overtime calculation is not foreclosed by the Fourth Circuit's holding in Monahan. See Monahan, 95 F.3d at 1282 (finding that "meal time is compensable if employees are not completely relieved of their duties); Billioni v. Bryant, Civil Action No. 0:14-cv-03060-JMC, 2015 WL 4928999, at *11 (D.S.C. Aug. 18, 2015) (holding that the plaintiff had stated a claim for violations of the FLSA related to unpaid meal times and training).

In the absence of additional arguments by Defendant that off-the-clock hours may not contribute to an FLSA claim, (see Def.'s Reply (Doc. 21) at 6), this court will not dismiss Plaintiff's FLSA claim. Accordingly, this court will deny Defendant's motion. This court will not, however, award Plaintiff attorney's fees and costs pursuant to 28 U.S.C. § 1927. (See Pl.'s Resp. (Doc. 18) at 5, 12.) Assuming, without

- 14 -

deciding, that Plaintiff's motion for attorney's fees is properly before this court,[3] this court does not find that Defendant's counsel behaved "unreasonably and vexatiously" in filing the motion. 28 U.S.C. § 1927.

## B. Plaintiff's Motion for Collective and Class Certification

### 1. Conditional Certification of Plaintiff's FLSA Claim

Plaintiff first seeks conditional certification of his FLSA claim. (Pl.'s Br. (Doc. 13) at 1.)

#### a. Standard of Review

The FLSA provides that an action can be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," but that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see also Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 758 (4th Cir. 2011).

---

[3] Plaintiff's counsel is further cautioned that motions for attorney's fees should be filed separately, with adequate justification. See LR 7.3, 54.2. This court does not find that Plaintiff's counsel has made a proper motion for attorney's fees. (See Pl.'s Resp. (Doc. 18) at 5, 12.)

Courts employ a two-stage certification procedure for FLSA collective actions. Adams v. Citicorp Credit Servs., Inc., 93 F. Supp. 3d 441, 452-53 (M.D.N.C. 2015). During conditional certification, the first stage, a court determines whether employees' claims are similar enough to merit the distribution of court-approved notice to possible class members. Kirkpatrick v. Cardinal Innovations Healthcare Solutions, No. 1:16CV1088, 2017 WL 3841858, at *4 (M.D.N.C. Sept. 1, 2017); see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) ("[D]istrict courts have discretion, in appropriate cases, to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs."). During the second stage – known as "decertification" and occurring only after a defendant moves to decertify a conditionally certified class – courts "apply a heightened fact specific standard to the 'similarly situated' analysis." Solais v. Vesuvio's II Pizza & Grill, Inc., No. 1:15cv227, 2016 WL 1057038, at *6 n.7 (M.D.N.C. Mar. 14, 2016) (citation omitted). This second stage is not presently at issue.

The plaintiff bears the burden of demonstrating that notice is appropriate. See, e.g., Purdham v. Fairfax Cnty. Pub. Schs., 629 F. Supp. 2d 544, 548 (E.D. Va. 2009), aff'd, 637 F.3d 421 (4th Cir. 2011). "Conditional certification is appropriate when it would serve judicial efficiency, and the court must be

- 16 -

mindful that granting conditional certification expands the scope of the litigation and begins a process of class-wide discovery." Kirkpatrick, 2017 WL 3841858, at *4 (citations omitted). The "similarly situated" requirement, "although certainly not a 'rubber-stamp approach,' remains relatively modest." Adams, 93 F. Supp. 3d at 453. While parties generally "have minimal evidence at this point in the proceedings[,] . . . [m]ere allegations will not suffice; some factual evidence is necessary." Id. (citations omitted) (second alteration in original). That evidence must tend to show that there exists a "common policy, scheme, or plan" that violates the FLSA, but it "need not . . . enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime." Id. (citation omitted). The class certification determination "is 'usually based only on the pleadings and any affidavits that have been submitted' during the initial stages of litigation." Cerrato v. Durham Pub. Schs. Bd. of Educ., No. 1:16CV1431, 2017 WL 2983301, at *5 (M.D.N.C. Mar. 17, 2017) (quoting Mooney v. Aramco Servs., Co., 54 F.3d 1207, 1214 (5th Cir. 1995)). "At this stage, 'the Court does not resolve factual disputes, decide substantive issues on the

- 17 -

merits, or make credibility determinations.'" <u>Kirkpatrick</u>, 2017 WL 3841858, at *4 (citation omitted).

### b.  <u>Parties' Arguments</u>

Defendant opposes conditional certification for Plaintiff's FLSA claim on two grounds. First, Defendant argues that this court lacks subject matter jurisdiction to adjudicate Dennis' individual claim, and that, as a result, Dennis is not similarly situated to the other putative members of the proposed collective. (Def.'s Resp. (Doc. 19) at 5-6.) Because this court has found, however, that Plaintiff's FLSA claim presents a live case or controversy, <u>see</u> discussion <u>supra</u> Section II.B., this court finds Defendant's argument unpersuasive.

Second, Defendant argues that if Plaintiff's FLSA claim is certified as a collective action, this court, "would be required to 'conduct an individualized assessment of each' putative collective member's claim," (Def.'s Resp. (Doc. 19) at 7 (citing <u>Pelczynski v. Orange Lake Country Club, Inc.</u>, 284 F.R.D. 364, 369 (D.S.C. 2012)), because "the hours worked by the putative members varied greatly." (<u>Id.</u>)

### c.  <u>Analysis</u>

This court disagrees. Contrary to Defendant's assertions, Plaintiff is required at this stage to make only a "relatively modest factual showing that a common policy, scheme, or plan

- 18 -

that violated the law exists." Adams, F. Supp. 3d at 453
(internal punctuation marks omitted). Specifically, Plaintiff
alleges in a sworn declaration attached to his motion, that
Defendant had a "uniform policy and practice" of paying him "and
other APPs an overtime premium for all hours worked in excess of
one hundred-sixty (160) during each month," and "did not
calculate and pay an overtime premium for APPs based on a 7-day
workweek . . . ." (Pl.'s Br., Ex. A, Declaration of Kenneth
Dennis ("Pl.'s Decl.") (Doc. 13-1) ¶ 5.) Plaintiff also states
that "[p]ursuant to its uniform policy and practice, [Defendant]
also requires APPs to arrive and begin working at least 10
minutes prior to the start of their scheduled shifts," and to
"attend company staff or peer review meetings," but "does not
pay APPs for this off-the-clock time," and that Defendant
requires APPs to "continue working past the end of their
scheduled shifts, but only pays APPs if the extra time exceeds
30 minutes . . . ." (Id. ¶ 6.) Plaintiff further states that
"APPs share similar training, job descriptions and job tasks,"
and are paid "pursuant to the same compensation policy and
practice." (Id. ¶ 4.)

This court finds that Plaintiff's declaration satisfies the
modest factual requirement for notice, as it "raise[s] a similar
legal issue as to . . . nonpayment or minimum wages or overtime

arising from at least a manageably similar factual setting with respect to [class members'] job requirements and pay provisions," and class members' "situations need not be identical." Rosinbaum v. Flower Foods, Inc., 238 F. Supp. 3d 738, 743 (E.D.N.C. 2017) (internal quotations omitted); see also Hollis v Alston Personal Care Servs., LLC, No. 1:16CV1447, 2017 WL 3327591, at *4 (M.D.N.C. Aug. 3, 2017) (permitting a declaration to satisfy the factual requirement for notice). This court should not, at this stage, "delve[] too deeply into the merits of the dispute; such a steep plunge is inappropriate for such an early stage of a FLSA collective action." Essame v. SSC Laurel Operating Co. LLC, 847 F. Supp. 3d 821, 826 (D. Md. 2012)); see also Adams, 93 F. Supp. 3d at 454 ("[T]he Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations at the conditional certification stage."). "The crux of the matter is whether Plaintiff[] [has] made a modest factual showing that" he was a "victim[] of a common policy or scheme that contravenes the FLSA." Essame, 847 F. Supp. 3d at 826. Because this court finds that Plaintiff has made this modest showing, this court will grant Plaintiff's motion for conditional certification of this collective action.

### 2. **Class Certification for Plaintiff's NCWHA Claim**

Plaintiff also seeks class certification under Federal Rule of Civil Procedure 23 for Plaintiff's NCWHA claim. (Pl.'s Br. (Doc. 13) at 10.)

### a. **Standard of Review**

Under Federal Rule of Civil Procedure 23, a plaintiff seeking to sue on behalf of a class must satisfy all four requirements of Rule 23(a), and one of the requirements of Rule 23(b). See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). The prerequisites under Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Fourth Circuit has also recognized that Rule 23 contains an implicit threshold requirement that the members of the proposed class be "readily identifiable," EQT Prod. Co. v. Adair, 764 F.3d 347, 358 (4th Cir. 2014) (internal quotations omitted), meaning that "[a] class cannot be certified unless a court can readily identify the class members in reference to objective criteria." Id.

- 21 -

### b.    Parties' Arguments

Plaintiff seeks to maintain this class action under Rule 23(b)(3), (Pl.'s Br. (Doc. 13) at 11), which is proper when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The requirements for commonality under Rule 23(b)(3) are more stringent than those of Rule 23(a). See Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 n.4 (4th Cir. 2001).

Defendant argues that this court should deny Plaintiff's motion, arguing that Plaintiff has not satisfied Rule 23(a)(1)'s numerosity requirement and Rule 23(b)(3)'s predominance and superiority requirements. (Def.'s Resp. (Doc. 19) at 8.)

### c.    Numerosity under Rule 23(a)(1)

The numerosity requirement for class certification under Rule 23(a) is that the class must be so numerous so as to make joinder of all the class members impracticable. Fed. R. Civ. P. 23(a)(a).

This court finds Defendant's citation of Brown v. Eckerd Drugs, Inc., 669 F.2d 913, 917 (4th Cir. 1981), for the proposition that "the Fourth Circuit has acknowledged the

- 22 -

existence of certain general 'rules of thumb'" regarding numerosity, (Def.'s Resp. (Doc. 19) at 9), unpersuasive, as the cited passage comes from the dissent, not the majority. Instead, the Fourth Circuit has held that "[n]o specified number is needed to maintain a class action." Brady v. Thurston Motor Lines, 726 F.2d 136, 145 (4th Cir. 1984) (internal quotations omitted), and "[t]here is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied," Kelley v. Norfolk & W. Ry. Co., 584 F.2d 34, 35 (4th Cir. 1978). The Fourth Circuit has further held that "district courts have wide discretion in deciding whether or not to certify a class and their decisions may be reversed only for abuse of discretion." Gunnells v. Healthplan Servs. Inc., 348 F.3d 417, 424 (4th Cir. 2003) (internal quotations omitted).

"Previous cases, though uneven at best, suggest that a class as large as 74 persons is well within the range appropriate for class certification," but the Fourth Circuit has recognized that "a much smaller class can meet the numerosity requirement." Brady, 726 F.2d at 145. For example, the Fourth Circuit has recognized class certification where the class had as few as eighteen members. Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967). Other courts have held "that a class of as few as twenty-five to

- 23 -

thirty members raises a presumption that joinder would be impracticable." Rodger v. Elec. Data Sys. Corp., 160 F.R.D. 532, 535-36 (E.D.N.C. 1995) (citing In re Kirschner Med. Corp. Sec. Litig., 139 F.R.D. 74, 78 (D. Md. 1991)).

In addition to numerosity, courts consider other factors to determine impracticability, including the ease of identifying and serving class members, their geographic dispersion, whether individual claims are so small as to inhibit a class member from pursuing his own interest, class members' financial resources, and judicial economy arising from the avoidance of multiple actions. See Baehr v. Creig Northrop Team, P.C., Civil No. WDQ-13-0933, 2014 WL 346635, at *8 (D. Md. Jan. 29, 2014); Cuthie v. Fleet Reserve Ass'n, 743 F. Supp. 2d 486, 498 (D. Md. 2010); Rodger, 160 F.R.D. at 536-37.

The parties disagree about the size of the class. Defendant argues that "the size of the class, under the definition proposed by Dennis, would come to only twenty individuals." (Def.'s Resp. (Doc. 19) at 10; see also Affidavit of Linda Williams (Doc. 19-1) ¶¶ 8, 10-11.) Plaintiff argues that the proposed class contains at least 23 individuals, (Pl.'s Reply (Doc. 22) at 7), because "Defendant incorrectly . . . suggest[s] three individuals did not work overtime," (id. (citing (Doc. 19-1) ¶¶ 10-11.) Plaintiff argues that because Plaintiff's

proposed class action relates to a state law unpaid wage claim
and not to overtime pay, working overtime in one or more
workweeks is not a prerequisite to being a class member for
Plaintiff's NCWHA claim, and thus, these three individuals
should be counted. (Id. at 10-11.)

This court finds, even if this court assumes that the
number of potential class members is as many as twenty-three
individuals, that Plaintiff has not satisfied the requirements
for numerosity under Rule 23. A class of twenty-three members
does not raise a presumption that joinder would be
impracticable. See Rodger, 160 F.R.D. at 535-36. Moreover, this
court finds that joinder is not impracticable because class
members are readily identifiable from Defendant's employment
records, (Def.'s Resp. (Doc. 19) at 11), and thus, the class
members would be easy to identify and locate, see Cuthie, 743
F. Supp. 2d at 498. This court further finds that class members
are not geographically dispersed, see Baehr, 2014 WL 346635, at
*8, because, at one time, all of the class members would have
lived within the narrow geographic region in North Carolina in
which Defendant's medical facilities are located, (see Am.
Compl. (Doc. 9) ¶ 11; see also Def.'s Resp. (Doc. 19) at 11),
and Plaintiff has not presented evidence that these class

members are not geographically disbursed, (see Pl.'s Reply (Doc. 22)).

For these reasons, this court finds that Plaintiff has not satisfied the requirements under Rule 23(a), and thus, this court will deny Plaintiff's motion for class certification as to his NCWHA claim.

### III. <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (Doc. 15), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conditional Collective and Class Certification, (Doc. 11), is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's motion is **GRANTED** with regard to Plaintiff's FLSA claim and **DENIED** with regard to Plaintiff's NCWHA claim.

**IT IS FURTHER ORDERED** that the parties meet and confer to agree on a notice form and report back to this court within 21 days of the entry of this Memorandum Opinion and Order. If the parties are not able to agree, this court will hold a hearing after receipt of the parties' respective position.

This the 30th day of March, 2021.

_William L. Osteen, Jr._
_____
United States District Judge

- 26 -