IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH DENNIS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| SANDHILLS EMERGENCY PHYSICIANS, P.A. | ) ) ) |
| Defendant. | ) |

1:20CV00273

**MEMORANDUM OPINION AND ORDER**

Before this court is Plaintiff's Consent Motion for Approval of Settlement of FLSA Action. (Doc. 32). For the foregoing reasons, this motion will be granted.

**I.  SETTLEMENT AGREEMENT**

When an employee brings an action against his employer to recover back wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), the district court must review the settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court must determine whether the settlement resolves a bona fide dispute between the parties and whether it constitutes a fair and reasonable resolution of the conflict. Id. at 1355; Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on

other grounds as recognized by Whiting v. The Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011).

    **A.   Bona Fide Dispute**

A bona fide dispute exists when "there is some doubt whether the plaintiff would succeed on the merits at trial." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018) (quoting Hall v. Higher One Machines, Inc., No. 5-15-CV-670-F, 2016 WL 5416582, at *6 (E.D.N.C. Sept. 26, 2016)). District courts review the pleadings and proposed settlement agreement to determine if a bona fide dispute exists. See id. (citing Duprey v. Scotts Co., 30 F. Supp. 3d 404, 408 (D. Md. 2014)).

Here, the FLSA claims at issue constitute a bona fide dispute. This litigation commenced in March of 2020. (See Doc. 1.) Since then, the parties litigated a motion to certify a class, (see Doc. 11), and a motion to dismiss, (see Doc. 15). Several points of contention remain between the parties, including the applicable statute of limitations and the damages Plaintiff could reasonably expect to receive if he prevailed at trial. (See Doc. 33.) Therefore, the settlement agreement would resolve a bona fide dispute between the parties.

B.  **Fairness and Reasonableness**

Once a court determines there is a bona fide disagreement, it must decide whether the parties' proposed settlement agreement is fair and reasonable. See Lynn's Food Stores, 679 F.2d at 1355; see also Taylor, 493 F.3d at 460. The Fourth Circuit has not directly addressed which factors courts should consider when making this assessment. Kirkpatrick, 352 F. Supp. 3d at 502. However, district courts generally look to the fairness factors under Federal Rule of Civil Procedure 23(c). Id. Some courts have cited the following six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

Id. at 502-03. (citing Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *2 (E.D. Va. 2013). In evaluating these elements, "[t]here is a strong presumption in favor of finding a settlement fair. . . ." Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citation omitted).

The present settlement agreement provides that Defendant will pay $25,000 to Plaintiff Kenneth Dennis and $14,500 to

- 3 -

Plaintiff Charles Walker. (Doc. 33-1 at 2.) These sums represent "100% of [Dennis and Walker's] alleged unpaid overtime, plus an additional amount for liquidated damages, free and clear of attorneys' fees and advanced litigation costs and expenses." (Doc. 33 at 18.) This settlement was reached after a "a full day of mediation before" a mediator and resolves all the claims between the parties. (Id. at 2.)

On the first factor, though the parties have not conducted formal discovery, they engaged in sufficient investigation to evaluate the strengths and weaknesses of their case. (Doc. 33 at 4-5.) Plaintiff's counsel reviewed payroll, time, and attendance records and formulated potential damage calculations under the FLSA. (Id.)

Second, the stage of the proceedings, as well as the the complexity, expense and likely duration of the litigation favor approving the settlement. Resolving the outstanding claims would likely require discovery, motions practice, a trial, and the potential for post-trial motions and appeals. (Doc. 33 at 5.) A settlement would avoid that time and expense for both parties.

Third, there is a presumption that settlement agreements are free from fraud or collusion in the absence of contrary evidence. Lomascolo, 2009 WL 3094955, at *12. The parties assert that the terms of their agreement were facilitated by an

- 4 -

experienced wage and hour negotiator after arms-length negotiations and deliberation. (Doc. 33 at 6.) Thus, this court finds no evidence of fraud or collusion in the settlement

Fourth, Plaintiff's counsel has experience litigating wage and hour claims for employees. (See Doc. 34 ¶¶ 1-9.)

Fifth, the parties dispute the likelihood of success on the merits. (Doc. 33 at 7-9.) Therefore, this factor does not seem to decisively cut for or against approving the settlement. However, even assuming Plaintiff would prevail, the next factor weighs in favor of settlement.

Sixth, if Plaintiff prevailed on the merits at trial, there is significant dispute over his likely recovery. The parties disagree on the number of unpaid overtime hours Plaintiff worked, (see Doc. 33), and because Plaintiff seeks compensation for hours he worked for which Defendant did not keep records, Plaintiff's counsel would need to "prove a negative" in order to recover for that time. (Id. at 16-17 (quoting Doc. 34 ¶ 11).)

Therefore, taken together, the factors demonstrate the settlement is fair and reasonable.

## II. ATTORNEYS' FEES

The FLSA authorizes the district court to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to the Plaintiff's recovery. 21

- 5 -

U.S.C. § 216(b). "[T]he language of the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-CV-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, courts must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints" the plaintiff's recovery. Id. (quoting Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009)).

In the Fourth Circuit, courts test the reasonableness of an attorneys' fees award against twelve factors adopted in Barber:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at *4 (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the twelve factors set forth in

- 6 -

Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989), superseded on other grounds as recognized in Knapp v. Americredit Fin. Servs., 245 F. Supp. 2d 841, 848 (S.D. W. Va. 2003) and In re Robinson, 368 B.R. 492, 498 (Bankr. E.D. Va. 2007))). After consideration of the Barber factors, this court finds they weigh in favor of approving the present settlement agreement for the following reasons.

First, Plaintiff's counsel spent 107.1 hours litigating the matter, which reflects significant time and labor expended on the case. (Doc. 33) at 12.) Here, the individual Plaintiffs were compensated separately from the fee award and Defendant's counsel consented to the settlement. (See Doc. 33-1 at 1.) This provides further evidence that the attorneys' fees are reasonable.

Second, as for the novelty and difficulty of the questions raised, Plaintiff's counsel admits, "this case did not involve any novel FLSA issues." (Id. at 16-17.) However, overtime cases under the FLSA can be "complex and difficult" and the case was made factually difficult because Plaintiff sought compensation for "alleged off-the-clock time worked for which Defendant did not retain records," which required counsel to "prove a

- 7 -

Case 1:20-cv-00273-WO-JLW   Document 37   Filed 09/27/22   Page 7 of 11

negative." (Id.) Therefore, this factor weighs in favor of approving the settlement.

Third, the skill required to perform the legal services weighs in favor of approving the fees award because the case required "subject-matter expertise in wage and hour law." (Id. at 17.)

Fourth, counsel's opportunity cost weighs in favor of approving attorneys' fees because taking on the case prevented counsel from performing other work in the same period. (Id.)

Fifth, the fees requested by Plaintiff's counsel are consistent with customary fees for like work and the hourly rates for the attorneys in this case have been approved by other courts. (Doc. 34 at ¶ 24.)

Sixth, the attorney's expectations at the outset of the litigation weigh in favor of approving the settlement because the attorneys took this case on a contingent fee basis, thus, assuming the risk of no recovery if they were unsuccessful. (Doc. 33 at 18.)

Seventh, there were no time limitations imposed by the client or the circumstances, so this factor is not applicable. (Id.)

Eighth, the results obtained weigh in favor of approval because counsel obtained a good result for their clients in

which Dennis and Walker both received all of their overtime payments plus an amount for liquidated damages. (Id.)

Ninth, the experience, reputation, and ability of the attorneys weighs in favor of approving the settlement. Plaintiff had the benefit of counsel with considerable FLSA litigation, particularly in the wage and hour arena. (Id. at 18–19.)

Tenth, the undesirability of the case in the relevant legal community also cuts in favor of approval since Plaintiff's counsel note there are not many attorneys in North Carolina who "focus primarily on plaintiff-side wage and hour employment law or have significant experience litigating FLSA issues." (Id. at 19 (quoting Doc. 34 ¶ 24).)

Eleventh, the nature and length of the professional relationship between the attorney and client is not material in this case. As this court has previously noted, "this particular standard is [often] irrelevant or immaterial," Kirkpatrick, 352 F. Supp. 3d at 506 n.4 (citation omitted).

Twelfth, the attorneys' fees awards in similar cases factor weighs slightly against approving the settlement. Taken as a percentage of the overall recovery, the attorneys' fees here are

50.31% of the settlement.[1] This percentage is slightly outside the recognized range of attorneys' fees awards in wage and hour cases. See Bredbenner v. Liberty Travel, Inc., No. CIV.A. 09-905 (MF), 09-1248(MF), 09-4587(MF), 2011 WL 1344745, at *21 (D.N.J. Apr. 8, 2011) (identifying a fee range of 19% to 45% in common fund cases) (collecting cases). However, this court is cognizant that the range identified in Bredbenner was based on common fund cases. See id. Therefore, application of this factor at most cuts slightly against approving the settlement award.

Considering the Barber factors, nine weigh in favor of approving the settlement, two do not apply, and only the twelfth factor weighs slightly against approval. In sum, this court finds the settlement agreement is reasonable and should be approved.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Unopposed Motion to Approve FLSA Settlement Agreement, (Doc. 32), is **GRANTED**.

IT IS **FURTHER ORDERED** that the payment of settlement funds to Kenneth Dennis and Charles Walker is approved.

---

[1] Under the settlement, Dennis and Walker together would receive $39,500; the requested attorneys' fees are $40,000. (See Doc. 33-1 at 2.) $39,500 + $40,000 = $79,500. 40,000/79,500 = 50.31%

- 10 -

**IT IS FURTHER ORDERED** that the payment of attorneys' fees requested in Doc. 32 shall be made in accordance with the terms of the Settlement Agreement (Doc. 33-1).

IT IS **FURTHER ORDERED** that this court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration.

IT IS **FURTHER ORDERED** that the above-captioned action is **DISMISSED WITH PREJUDICE.**

This the 27th day of September, 2022.

_____
United States District Judge

- 11 -

Case 1:20-cv-00273-WO-JLW   Document 37   Filed 09/27/22   Page 11 of 11